245-07/PJG
FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiff
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Peter J. Gutowski (PG 2200)
Barbara G. Carnevale (BC 1651)
Pamela L. Schultz (PS 8675)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
STARFISH ENTERPRISES INC.

       Plaintiff,

  -against-

SAMCHIRA FZE, SAMCHIRA DMCC and
GIRISH AGRAWAL, an individual,

       Defendants.
-----------------------------------------------------------x

JUDGE CHIN

07 CV 7339

**VERIFIED COMPLAINT**

  Plaintiff Starfish Enterprises Inc. (hereinafter "Plaintiff" and/or "Starfish"), by its attorneys Freehill Hogan & Mahar, LLP, as and for its Verified Complaint against the named Defendants, alleges upon information and belief as follows:

  1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract. The case also falls within the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331. Federal jurisdiction also exists because the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

2. At all times material hereto, Plaintiff Starfish was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address in care of Delfi S.A., 14 Skouze Street, 185-36 Piraeus, Greece.

3. At all times material hereto, Defendant SAMCHIRA FZE was a foreign business entity organized and existing under the laws of a foreign country with an address at P O Box No. 7961, Saif Zone, Sharjah, United Arab Emirates, but which, as a consequence of the actions of Defendant GIRISH AGRAWAL, has ceased to exist as an independent corporate or business entity.

4. At all times material hereto, Defendant SAMCHIRA DMCC was and still is a corporate entity in name only which name was utilized by Defendant GIRISH AGRAWAL to conduct business from an address at P O Box No. 43912, Bur Dubai, Dubai, United Arab Emirates, including but not limited to the defense of the subject claim of the Plaintiff herein in London arbitration, and the prosecution of a counter claim of the defendant SAMCHIRA FZE in that same arbitration, which Defendant GIRISH AGRAWAL stated had been transferred to SAMCHIRA DMCC in a sale and assignment of all assets and liabilities of the defendant SAMCHIRA FZE.

5. At all times material hereto, Defendant GIRISH AGRAWAL was an individual who operated, controlled, manipulated and dominated the other two named Defendants in this action, and conducted business on his own behalf in the names of the other two defendants, from the addresses identified in paragraphs 3 and 4 above.

6. On or about November 24, 2003, Plaintiff, as owner of the M/T KASCO, and SAMCHIRA FZE, as charterer, entered into a maritime contract of charter party for a single

voyage for carriage of 27,500 metric tons of clean petroleum products (hereinafter the "Charter"), a true and accurate copy of which is annexed hereto as Exhibit A.

7. Pursuant to the above-referenced Charter, the cargo was loaded and carried to destination.

8. Following the completion of the voyage disputes arose concerning demurrage, which were submitted to arbitration in London.

9. Following the submissions of the parties to the arbitration tribunal, the tribunal rendered an Arbitration Award (hereinafter the "Award") in Plaintiff's favor both on liability and costs, true and accurate copies of which are annexed hereto as Exhibits A and B, respectively.

10. The total amount due to Plaintiff under the awards, inclusive of the principal sum, together with interest and costs is $53,102.27.

11. In addition, Plaintiff seeks security for its enforcement costs which are recoverable under London arbitration which includes London attorney fees in the amount of $5,000, Greek collection fees in the amount of $8,000 and the costs and expenses of these proceedings, in the sum of $7,500.

12. Despite due demand, no part of the amounts due has been paid.

13. Plaintiff has fulfilled all obligations required of it under the Charter.

14. This action is brought to obtain jurisdiction over all of the Defendants to confirm and enforce the existing Awards, to obtain security for execution on the judgment to be entered on the existing Awards, as well as to secure the additional claims which will be prosecuted for the collection of the sums due under the two awards.

15. This Verified Complaint is filed subject to and without waiver of any arbitration rights which might exist by virtue of the Charter and/or any other agreement relating thereto for the adjudication of disputes.

16. The amounts due under the two awards, as well as the additional amounts due for the collection thereof, are the joint and several obligations of all of the named Defendants by virtue of the manner in which these entities have been operated and/or have been manipulated by the defendant GIRISH AGRAWAL.

17. The conduct, as aforesaid, included, but is not limited to, Defendant GIRISH AGRAWAL prosecuting the case in London arbitration, including (i) the defense of the claims of the Plaintiff and (ii) the prosecution of an alleged counterclaim (which was denied) at a point in time where the named Defendant in the London arbitration (SAMCHIRA FZE) had been rendered defunct or non-existent as a corporate entity by virtue of the actions of GIRISH AGRAWAL, thereby breaching the implied warranty of representation by which any representative of a party in a judicial proceeding becomes liable as an individual for the result in those proceedings.

18. Further, and during the pendency of the London arbitration proceedings, GIRISH AGRAWAL confirmed and represented that the defendant SAMCHIRA DMCC had purchased, through a corporate sale transaction, all of the assets and liabilities of SAMCHIRA FZE, thus rendering the latter liable on all debts of the former. The foregoing amounted to no more than a scheme designed to enable GIRISH AGRAWAL to continue to prosecute the counterclaim in the hope of effecting a recovery, but otherwise insulating himself from recovery of any adverse award in favor of the Plaintiff.

19. By virtue of the foregoing, and the fact that SAMCHIRA DMCC was and remains a mere instrumentality of the Defendant GIRISH AGRAWAL, and he is liable personally as an alter ego of SAMCHIRA DMCC and the predecessor SAMCHIRA FZE and under principles of agency and corporate law for all debts and obligations of both entities.

20. Upon information and belief, and after investigation, none of the named Defendants can be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendants have, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendants (collectively hereinafter, "ASSETS"), in either of their names, at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

21. The total mount to be attached pursuant to the calculations set forth in Paragraphs 9 and 12 above is **$73,602.27.**

WHEREFORE, Plaintiff prays:

a.   That process in due form of law according to the practice of this Court issue against the Defendants, citing them to appear and answer the foregoing, failing which a default will be taken against it for the amounts of the claim as set forth in the Award and as set forth above, plus interest, costs and attorney fees.

b.   That if the Defendants cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of the Defendants, or any number of them, up to and including the claim of **USD $73,602.27** be restrained and attached, including, but

not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for their benefit, or any number of them, (collectively hereinafter, "ASSETS"), including but not limited to such ASSETS as may be held, received, or transferred in either of their names or as may be held, received or transferred for their benefit at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

    c.    That this Court determine and adjudge Plaintiff entitled to enforce the Award and enter judgment in Plaintiff's favor thereon and against Defendants in the amount of the Award, plus interest, costs, and the additional recoverable sums due, and otherwise recognize, confirm and enter judgment on the subject Award; and

    d.    That Plaintiff have such other, further and different relief as this Court may deem just and proper in the premises including but not limited to an order retaining jurisdiction for purposes of a subsequent order enforcing the residual award on collection costs.

Dated: New York, New York
       August 16, 2007

                      FREEHILL HOGAN & MAHAR, LLP
                      Attorneys for Plaintiff
                      STARFISH ENTERPRISES INC.

                      By: _____
                      Peter J. Gutowski (PG 2200)
                      Barbara G. Carnevale (BG 1651)
                      Pamela L. Schultz (PS 8675)
                      80 Pine Street
                      New York, NY 10005
                      (212) 425-1900
                      (212) 425-1901 fax

## ATTORNEY VERIFICATION

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

PETER J. GUTOWSKI, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and its solicitor.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
PETER J. GUTOWSKI

Sworn to before me this
16 day of August, 2007.

_____

Lisa M. Morales
Notary Public, State of New York
No. 01MO6162004
Qualified in the Bronx
Commission Expires Feb. 26, 2011

NYDOCS1/283002.1                              7

IN THE MATTER OF THE ARBITRATION ACT 1996

AND IN THE MATTER OF AN ARBITRATION

BETWEEN:

       STARFISH ENTERPRISES INC of Monrovia
                                    Claimants
                                    (Owners)

- and -

       SAMCHIRA FZE of Sharjah, U.A.E.
                                    Respondents
                                   (Charterers)

"KASCO"

Charterparty dated Dubai, 24th November 2003

---

FINAL ARBITRATION AWARD

---

**Whereas:**

1. By a Charterparty on an amended Asbatankvoy form, with additional clauses, dated Dubai, 24th November 2003, the Claimants (hereinafter referred to as "the Owners"), chartered their vessel, the "KASCO", to the Respondents (hereinafter referred to as "the Charterers") for a voyage from Jebel Ali and Fujairah in the Arabian Gulf to the west coast of India with a cargo of three grades of clean petroleum products. In the event, the vessel carried cargoes of naptha, high speed diesel oil (gas oil) and superior kerosene oil (SKO), all of which were discharged at Kandla.

2. Clause 24 of Part II of the charter and provision K of Part I provide for disputes to be referred to arbitration in London. The seat of this reference is England and English law applies.

3. Disputes as more detailed hereinafter having arisen, the Owners appointed the undersigned William Packard of 20 Victory Road, West Mersea, Colchester, Eseex CO5 8LX as Arbitrator and upon the failure of the Charterers to appoint an arbitrator of their own choice within the period allowed in the charterparty, the Owners further appointed the undersigned John Schofield of 10 Sutherland

EXHIBIT A

Avenue, Petts Wood, Orpington, Kent BR5 1QZ as arbitrator, as also provided for in the charter. The parties subsequently agreed that if the two arbitrators so appointed were able to agree the terms of an award, it was not necessary to appoint a third arbitrator.

4. In this reference, the Owners claim demurrage, alternatively part demurrage and part damages for detention, in both cases in a total sum of USD 33,246.53, plus interest and costs. The Charterers deny that the Owners are entitled to any sum by way of demurrage or damages for detention and in turn counter claim for short delivery in a total sum of USD 99,896.98, which amount they claim with interest.

5. Written submissions and supporting documents were presented by London solicitors acting for the Owners and by the Charterers themselves. Neither side sought an oral hearing.

**NOW WE**, the said WILLIAM PACKARD and JOHN SCHOFIELD having considered the written submissions and supporting documents put before us, having conferred with each other and finding ourselves in agreement, **DO HEREBY MAKE, ISSUE AND PUBLISH** this our **FINAL ARBITRATION AWARD**, as follows for the reasons set out in the accompanying document, which is integral to and forms part of our award.

A. We find that the Owners' demurrage claim succeeds in the sum of USD 16,427.73 net of commission and no more. In the circumstances, it was not necessary for us to conside the Owners' alternative claim for part of the sum due to be by way of damages for detention. In respect of the Charterers' counterclaim for short delivery, this fails and is hereby dismissed.

B. WE THEREFORE AWARD AND ADJUDGE that the Charterers shall forthwith pay to the Owners, the sum of USD 16,427.73 (United States Dollars Sixteen Thousand Four Hundred and Twenty Seven and Seventy Three Cents), together with compound interest thereon with three monthly rests at a rate of 5% per annum/pro rata from 1st February 2004 until the date of payment.

C. WE FURTHER AWARD AND ADJUDGE that the Charterers shall pay their own costs in the reference, together with 75% of those of the Owners, the latter if not agreed to be determined by us, we reserving our jurisdiction as necessary and the Charterers shall also pay 85% of the cost of our award, (the Owners paying the balance), PROVIDED ALWAYS that if the Owners shall have paid the full cost of our award in the first instance, they shall be entitled to an immediate reimbursement of 85%, together with compound interest thereon with three monthly rests at a rate of 6.5% per annum/pro rata from the date of payment until the date of reimbursement.

7

Given under our hands, this ___ day of June 2006.

William Packard                    Witness

John Schofield                     Witness

15 11 2006 15:15 FAX 020 72474139        SHAW LLOYD                                    ☒ 003

IN THE MATTER OF THE ARBITRATION ACT 1996

AND IN THE MATTER OF AN ARBITRATION

BETWEEN:

        STARFISH ENTERPRISES INC of Monrovia
                                  Claimants
                                  (Owners)

                      - and -

        SAMCHIRA FZE of Sharjah, U.A.E.
                                  Respondents
                                  (Charterers)
                "KASCO"

Charterparty dated Dubai, 24th November 2003

---

FINAL ARBITRATION AWARD ON COSTS

---

Whereas:

1. By a Charterparty on an amended Asbatankvoy form, with additional clauses, dated Dubai, 24th November 2003, the Claimants (hereinafter referred to as "the Owners"), chartered their vessel, the "KASCO", to the Respondents (hereinafter referred to as "the Charterers") for a voyage from Jebel Ali and Fujairah in the Arabian Gulf to the west coast of India with a cargo of three grades of clean petroleum products. In the event, the vessel carried cargoes of naptha, high speed diesel oil (gas oil) and superior kerosene oil (SKO), all of which were discharged at Kandla.

2. Clause 24 of Part II of the charter and provision K of Part I provide for disputes to be referred to arbitration in London. The seat of this reference is England and English law applies.

3. Disputes as more detailed hereinafter having arisen, the Owners appointed the undersigned William Packard of 20 Victory Road, West Mersea, Colchester, Essex CO5 8LX as Arbitrator and upon the failure of the Charterers to appoint an arbitrator of their own choice within the period allowed in the charterparty, the Owners further appointed the undersigned John Schofield of 10 Sutherland Avenue, Petts Wood, Orpington, Kent BR5 1QZ as arbitrator, as also provided for in the charter. The parties subsequently agreed that if the two arbitrators so appointed were able to agree the terms of an award, it was not necessary to appoint a third arbitrator.

4. In this reference, the Owners claimed demurrage, alternatively part demurrage and part damages for detention, in both cases in a total sum of USD 33,246.53,

EXHIBIT B

plus interest and costs. The Charterers denied that the Owners were entitled to any sum by way of demurrage or damages for detention and in turn counter claimed for short delivery of cargo in a total sum of USD 99,896.98, which amount they claimed with interest.

5. By an Award dated 23rd June 2006 ("the first award"), we found that the Owners' demurrage claim succeeded in the sum of USD 16,427.73 net of commision and no more. In the circumstances, it was not necessary for us to consider the Owners' alternative claim for part of the sum due to be by way of damages for detention. We also found that the Charterers' counterclaim for short delivery, failed and that was dismissed.

6. We further adjudged that the Charterers should pay their own costs in the reference, together with 75% of those of the Owners, the latter if not agreed to be determined by us, we reserving our jurisdiction as necessary. The parties having failed to agree the amount due, we were asked to determine the amount due to the Owners.

7. A bill of costs was presented by London solicitors acting for the Owners, who claimed the sum of £9,393.75 by way of costs. The Owners also sought their costs relating to this award in the sum of £500.00 and the cost of this award. The Charterers, although invited to present submissions in response to the bill of costs and given every opportunity to do so, chose not to make any submissions. They also chose to make no submissions in relation to costs relating to this award. Neither side sought an oral hearing relating to costs.

NOW WE, the said WILLIAM PACKARD and JOHN SCHOFIELD having considered the bill of costs put before us, having conferred with each other and finding ourselves in agreement, **DO HEREBY MAKE, ISSUE AND PUBLISH** this our **FINAL ARBITRATION AWARD ON COSTS**, as follows for the reasons set out in the accompanying document, which is integral to and forms part of our award.

    A. We find that the Owners are entitled to the sum of £8,486.87 by way of costs in respect of the first award and we further award the sum of £500.00 to the Owners by way of costs in respect of this award.

    B. WE THEREFORE AWARD AND ADJUDGE that the Charterers shall forthwith pay to the Owners, the sums of £8,486.87 and £500.00, that is £8,986.87 (Pounds Sterling Eight Thousand Nine Hundred and Eighty Six Pounds and Eighty Seven Pence) in total, together with compound interest thereon with three monthly rates from 23rd June 2006 on the sum of £8,486.87 and from the date of this award on the sum of £500.00, in both cases until the date of payment and in both cases at a rate of 6.75%. The Charterers shall also pay for the cost of this award in the sum of £1,250.00, PROVIDED ALWAYS that if this shall have been paid by the Owners in the first instance, they shall be entitled to an immediate reimbursement of the monies so paid, together with compound interest with three monthly rests thereon at a rate of 6.75% from the date of payment until the date of reimbursement.

13 11 2006 15:14 FAX 020 72474139         SHAW LLOYD                              ☒003

Given under our hands, this 28th day of September 2006.

*[signature]*
William Packard          Witness    *[signature]* Heath George

*[signature]*
John Schofield           Witness    *[signature]*